**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 23-CR-00231 |
| | : | |
| **CAMERON CAMPANELLA,** | : | |
| | : | |
| Defendant. | : | |

**JOINT MOTION TO CANCEL STATUS HEARING AND**
**EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America and defendant Cameron Campanella hereby move this Court to cancel the October 3, 2023 status conference scheduled in the above-captioned matter, schedule a change of plea hearing, and further to exclude the time within which a trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).  In support of its motion, the government and defendant state as follows:

- On June 2, 2023, the defendant was charged by Complaint with violations of 18 U.S.C. § 1752(a)(1), (a)(2), and 40 U.S.C. § 5104(e)(2)(D), (G) in connection with conduct occurring during the breach on the United States Capitol on January 6, 2021 (the "Capitol Attack").   The defendant was arrested on June 9, 2023.

- On July 20, 2023, the defendant was charged by Information with violations of 18 U.S.C. § 1752(a)(1), (a)(2), and 40 U.S.C. § 5104(e)(2)(D), (G) in connection with conduct occurring during the Capitol Attack.

- The defendant appeared before the Court for his arraignment on August 3, 2023.

    At that time, the Court scheduled a status conference for October 3, 2023. The Court also granted the Government's oral Speedy Trial Act motion and excluded the time from the arraignment to October 3, 2023 under the Speedy Trial Act.

- The government provided counsel with defendant-specific preliminary discovery on July 27, 2023. In addition, the government provided defense counsel with access to databases containing materials relevant to Capitol Attack cases generally, that is, "global" discovery" (the Relativity and Evidence.com databases). As of January 24, 2023, over 4.89 million files (7.23 terabytes of information) have been provided to the defense Relativity workspace and over 30,000 files including body-worn and hand-held camera footage from five law enforcement agencies and surveillance-camera footage from three law enforcement agencies have been shared to the Evidence.com video repositories.

- The government made supplemental disclosures, including providing the scoped materials extracted from the defendant's cellphone, on August 17, 2023, September 16, 2023, and September 22, 2023.

- On September 28, 2023, the parties emailed the Court a copy of an executed plea agreement and requested that the Court schedule a change of plea hearing.

**ARGUMENT**

    Under the Speedy Trial Act, as a general matter, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of

2

the court in which such charge is pending, whichever date last occurs.   18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which an indictment must be filed.  As is relevant to this motion for a continuance, under subsection (h)(1)(G), the Court must exclude:

> delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government.

18 U.S.C. § 3161(h)(1)(G).   On September 28, 2023, the parties provided the Court with a plea agreement signed by the defendant and the Government.   The parties anticipate that the Court will hold a change of plea hearing on October 26, 2023.   Thus, the time between September 28, 2023 and October 26, 2023 should be excluded under 18 U.S.C. § 3161(h)(1)(G).

Furthermore, under subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).   This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted.  *Id.*   Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

> . . .
>
> (iv)   Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).   Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).

An interests of justice finding is within the discretion of the Court.   *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).   Because the parties have submitted a plea agreement to the Court, failure to grant such a continuance in the proceeding would result in a miscarriage of justice.   Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

WHEREFORE, the government and the defendant respectfully request that this Court grant cancel the October 3, 2023, status hearing, schedule a change of plea hearing, and that the Court

exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, under 18 U.S.C. § 3161(h)(1)(G), and on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), for the reasons detailed above.

                        Respectfully submitted,

                        MATTHEW M. GRAVES
                        United States Attorney
                        DC Bar No. 481052

DATED: October 2, 2023      By:    /s/Anna Z. Krasinski
                                      Anna Z. Krasinski
                                      Assistant United States Attorney
                                      N.H. Bar No. 276778
                                      On Detail from the District of New Hampshire
                                      202-809-2058
                                      Anna.Krasinski@usdoj.gov