## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 23-CR-231 (ACR)** |
| | : | |
| | : | |
| **CAMERON CAMPANELLA,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MOTION FOR PUBLIC ACCESS
### TO DEFENDANT'S SENTENCING MEMORANDUM

On January 19, 2024, counsel for defendant Cameron Campanella provided the Government with a courtesy copy of his sentencing memorandum and a motion to seal the entire sentencing memorandum. The government opposes wholesale sealing of Campanella's sentencing memorandum. For the reasons detailed below, the government asks this Court to recognize the qualified public right of access under the First Amendment and the common law to the defendant's sentencing memorandum.

### *Background Facts*

Campanella pleaded guilty to two second-degree misdemeanors, a violation of 40 U.S.C. § 5101(e)(2)(D) (disorderly or disruptive conduct on the grounds or in the buildings of the United States Capitol) and a violation of 40 U.S.C. § 5101(e)(2)(G) (parading, demonstrating, or picketing in any Capitol building). Sentencing is scheduled for January 23, 2024. On January 8, 2024, the government filed a sentencing memorandum with various exhibits. On January 17, 2024, the parties received an email from chambers directing the defendant to submit his sentencing memorandum on or before January 19, 2024, at 5 pm. Defense counsel did not file anything on the public docket. Rather, on January 19, 2024, defense counsel emailed the government a copy of Campanella's sentencing memorandum, along with a motion to seal the entire memorandum.

The government believes the public has qualified First Amendment and common law right to access documents in a criminal proceeding. Accordingly, the government asks the Court to order the defense to file the defendant's sentencing memorandum and attachments on the public record.

### *The Public's First Amendment Qualified Right of Access*

To begin, if something is a judicial record, a "strong presumption in favor of public access" attaches to it. *In re Leopold v. United States*, 964 F.3d 1121, 1127 (D.C. Cir. 2020). "[W]hether something is a judicial record depends on 'the role it plays in the adjudicatory process.'" *In re Leopold*, 964 F.3d at 1128 (quoting *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013). Documents and other materials filed in court that are "intended to influence the court," are judicial records. *Id*. District Judge Royce C. Lamberth provided additional insight in *United States v. Munchel*, 567 F. Supp. 3d 9, 14 (D.D.C. 2021).

> The D.C. Circuit has explained that the common-law right of public access to judicial records is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch. The importance of the right cannot be understated. It serves to produce an informed and enlightened public opinion, safeguards against any attempt to employ our courts as instruments of persecution, promotes the search for truth, and assures confidence in judicial remedies.

In *United States v. Kravetz*, the First Circuit asked whether "advocacy memoranda, commonly submitted by the parties to the court in advance of sentencing [are] 'judicial records' entitled to a common law presumption of access." *United States v. Kravetz*, 706 F.3d 47, 56 (1st Cir. 2013). The First Circuit quickly answered its own question, stating, "[W]e have little doubt that they are." *Id*. The court supported its conclusion by recognizing that "sentencing is an integral phase in a criminal prosecution" and sentencing memoranda both "are clearly relevant to a studied determination of what constitutes reasonable punishment" and "are meant to impact the court's disposition of substantive rights." *Id*. In finding that the public retains a First Amendment right to disclosure of sentencing memoranda, Judge Kollar-Kotelly similarly found that "sentencing

memoranda historically have been open to the press and general public." *United States v. Thompson*, 199 F. Supp. 3d 3, 8-9 (D.D.C. 2016) (Kollar-Kotelly, J.) (collecting cases).

The First Circuit also found that the presumptive right of access "plainly attaches" to sentencing letters submitted by third parties on a defendant's behalf. *Kravetz*, 706 F.3d at 57. Although these letters are "unguarded," "informal," and "frequently emotion-laden," their "purpose is not so different" from sentencing memoranda and often are "central to, and serve as an evidentiary basis for, the defendants' arguments for leniency." *Id*. (cleaned up); s*ee also United States v. Harris*, 204 F. Supp. 3d 10, 15 (D.D.C. 2016) (Judge Kollar-Kotelly concluded "that there exists a First Amendment qualified right to public access" of addenda to sentencing memoranda).

Given that the court—rather than a jury—determines the defendant's sentence, there are numerous "salutary effects" of public access to the sentencing process and all relevant materials, including keeping in check the temptation by any party "to seek or impose an arbitrary or disproportionate sentence," to "promote accurate fact-finding," and to "stimulate public confidence in the criminal justice system by permitting members of the public to observe that the defendant is justly sentenced." *Kravetz*, 706 F.3d at 57 (collecting cases). The right *is*, however, qualified. Where a party asserts an exception to the right of public access, "the decision as to access to judicial records is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hubbard*, 650 F.2d 293, 316-17 (D.C. Cir. 1981) (cleaned up). A six-part *Hubbard* test is discussed in greater detail below. Since "[c]ourts have an obligation to consider all reasonable alternatives to foreclosing the constitutional right of access," "[r]edaction constitutes a time-tested means of minimizing any intrusion on that right." *In re Providence Journal Co.*, 293 F.3d 1, 15 (1st Cir. 2002).

### *The Sentencing Memorandum*

In this case, Campanella's sentencing memorandum, his allocution, and the character letters should be posted to the public docket.  The government has no objection to redacting Campanella's home address (page 8 of his sentencing memorandum) from the version filed on the public docket.  Similarly, the government has no objection to redacting the names and home addresses of those who submitted character letters in support of Campanella.  Finally, should the defendant identify additional discrete portions of his sentencing memorandum, allocution, or letters of support, the government agrees to work with defense counsel to determine whether those portions should also be redacted from the public filing.

In his motion to seal, Campanella asserts that his submission contains "sensitive information, not suitable for public disclosure."  He does not specifically identify which portions of his sentencing memorandum or the letters contain sensitive information, and provides no legally sound justification to redact the submission in its entirety.

In determining whether a document should be sealed, courts consider (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.  *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980).

As to the need for public access, Campanella committed crimes during an insurrection at the United States Capitol.  He submitted the sentencing memorandum, a letter of allocution, and character letters for the Court to consider in mitigation of his crime.  It is the government's position that this factor weighs in favor of public disclosure.  The strength of the privacy interest is weak,

which cuts in favor of public disclosure.  Indeed, much of the sentencing memorandum discusses things that are already on the public record, including a discussion of Campanella's criminal conduct and the procedural history of this case. There is a possibility of prejudice to the government given that many hundreds of defendants are currently charged and awaiting trial or sentencing on their cases related to their conduct on January 6, 2021.  If the Court allows wholesale redactions of sentencing materials from the public for Campanella, future defendants may attempt to stretch the boundaries of such non-disclosure.  *See Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009) (Urbina, J.).  Moreover, it is important for the public to have access to what defendants submit are mitigating factors so that the public, defendants, attorneys, and Judges in future cases can appropriately analyze sentencing disparities.  The government faces prejudice if January 6 defendants are allowed to submit sentencing arguments and numerous character letters that are fully sealed from public access without justification or legal reasoning.  Finally, the defendant relies heavily on the narrative presented by his sentencing memorandum, his allocution, and the character letters to counter his unlawful actions while at the U.S. Capitol on January 6.  On balance, the Court should find that Campanella has failed to overcome the qualified right of access to the sentencing memorandum and its attachments, and they should be filed publicly.  *See*, *United States v. Beddingfield*, 22-cr-66-CJN, July 31, 2023, Minute Order (Ordering the Clerk to "unseal and lodge on the public docket" the defendant's sentencing memorandum and five exhibits to the memorandum).

## CONCLUSION

For the foregoing reasons, the government asks this Court to recognize the qualified public right of access under the First Amendment and the common law to the defendant's sentencing memorandum and its attachments, with narrowly tailored redactions to home addresses and the names of those who submitted character letters. Finally, should the defendant identify additional

discrete portions of his sentencing memorandum, allocution, or letters of support, the government

agrees to work with defense counsel to determine whether those portions should also be redacted

from the public filing.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   <u>s/ *Anna Z. Krasinski*</u>
ANNA Z. KRASINSKI
Assistant United States Attorney
New Hampshire Bar No. 276778
United States Attorney's Office
Detailed from the District of New Hampshire
(202) 809-2058
anna.krasinski@usdoj.gov